

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MLM:JHK/AEG
F.#2006R01615

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 18, 2010

**By Hand and ECF**

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Pratheepan Thavaraja et al.
     Criminal Docket No. 06-616 (S-1)(S-2)(RJD)

Dear Chief Judge Dearie:

   The government respectfully submits this letter in response to the October 15, 2010 joint letter submitted on behalf of the defendants awaiting sentencing in the above-referenced case. That letter discusses the Fourth Circuit's recent, non-precedential decision in United States v. Chandia, 2010 WL 3556255 (4th Cir. Sept. 14, 2010) (unpublished). Chandia does not undermine the government's arguments in its July 1, 2010 sentencing submission. To the extent that Chandia conflicts with United States v. Awan, 607 F.3d 306 (2d Cir. 2010), this Court must follow Awan.

   In Chandia, the Fourth Circuit vacated the defendant's sentence because the district had not followed its previous instructions to resolve factual disputes relevant to the terrorism enhancement, see U.S.S.G. § 3A1.4, and to identify what evidence, if any, supported the defendant's intent required by the enhancement. Chandia, 2010 WL 3556255, at *5. As quoted by the defendants, the court noted, "A 'federal crime of terrorism' is a violation of one of many statutorily enumerated offenses and is 'calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.' 18 U.S.C. § 2332b(g)(5). The 'calculated to influence or affect' element of the definition imposes a specific intent requirement that a sentencing court must find before applying the enhancement." Id. at *1.

   This statement of the law is accurate as far as it goes. It does not address, however, who must have the required "specific intent." The terrorism enhancement applies if the defendant's "offense is a felony that involved, or was intended

to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4(a). Under the "involved" prong, the defendant must have the specific intent described in 18 U.S.C. § 2332b(g)(5). Under the "intended to promote" prong, the party committing the underlying federal crime of terrorism – not the defendant – must have the specific intent.

> As the Second Circuit explained in Awan, 607 F.3d at 317,
>
>> commission of crimes listed in § 2332b(g)(5)(B) satisfies the 'involved' prong of the terrorism enhancement so long as the government shows by a preponderance of the evidence that [the defendant] had the 'specific intent,' [United States v. Stewart, 590 F.3d 93, 138 (2d Cir. 2009),] to commit an offense that was 'calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.' 18 U.S.C. § 2332b(g)(5)(A)."
>
> In contrast,
>
>> Under the "intended to promote" prong, . . . so long as the defendant's offense was intended to encourage, further, or bring about a federal crime of terrorism as statutorily defined, the defendant himself does not have to commit an offense listed in § 2332b(g)(5)(B), and the defendant's offense need not itself be "calculated" as described in § 2332b(g)(5)(A). . . . For example . . . a defendant, motivated solely by pecuniary gain, might sell weapons to a terrorist organization. It would be absurd to conclude that such a defendant's criminal conduct could not be subject to a § 3A1.4 enhancement because it was not itself a listed offense that is "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct."
>
> Id. at 314-15.

     The defendants also quote the Chandia court's criticism of the district court for failing to "explain[] how [the] facts speak to Chandia's motive for providing the support." Chandia, 2010 WL 3556255, at *5.  Under Awan, 607 F.3d at 317, however, "Section 2332b(g)(5)(A) does not require proof of a defendant's particular motive.  'Motive' is concerned with the rationale for an actor's particular conduct. . . . [The defendant's] motive is simply not relevant."

     As discussed in detail in the government's July 1 submission, the evidence here amply supports applying the terrorism enhancement to defendants Murugesu Vinayagamoorthy, Vijayshanthar Patpanathan and Karunakaran Kandasamy through both the "involved" prong and the "intended to promote" prong.  The evidence amply supports applying the enhancement to defendant Nachimuthu Socrates through the "intended to promote" prong.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney


                         By:      /s/
                              Andrew E. Goldsmith
                              Jeffrey H. Knox
                              Assistant U.S. Attorneys
                              (718) 254-6498 / (202) 616-2634



cc:   Joshua L. Dratel, Esq. (by ECF and mail)
     Susan G. Kellman, Esq. (by ECF and mail)
     Michael Marinaccio, Esq. (by ECF and mail)
     Charles A. Ross, Esq. (by ECF and mail)
     William Stampur, Esq. (by ECF and mail)
     Lisa A. Langone, U.S. Probation Officer (by hand)
     Frank M. Marcigliano, U.S. Probation Officer (by hand)